UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIPS ORAL HEALTHCARE, INC., | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 04-859 - GMS |
| | ) |
| THE GILLETTE COMPANY, GILLETTE HOLDING COMPANY, INC., ORAL-B LABORATORIES AND BRAUN GMBH, | ) |
| | ) |
| Defendants/ | ) |
| Counterclaimants. | ) |

## PROTECTIVE ORDER

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary in the sense of Rule 26(c)(7), Fed. R. Civ. P., and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.    Any party or non-party providing discovery in this action may designate as "CONFIDENTIAL" any discovery material that contain trade secrets, and/or research, development, or commercial information (including financial and business information) that the party or non-party (or any predecessor in interest to a party or non-party) regards as confidential. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order.

2. In designating information as CONFIDENTIAL, a party or non-party shall make such a designation only as to material which that party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, is not generally known or otherwise available to the public, which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which is otherwise entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

3. Discovery material designated as CONFIDENTIAL shall be maintained in confidence by the party or other authorized person to whom such material are produced or given and may be disclosed only to the following persons:

a. The Court, its officers, and members of the jury;

b. Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors providing copying, coding, digitizing and/or trial support services under a confidentiality agreement with such outside counsel, providing that such outside counsel is not currently engaged and shall not engage for a period of three (3) years following the final resolution of this action including all appeals, in patent prosecution in the area of electronic toothbrushes.

c. Not more than two attorneys employed by the party who are actively working on or are responsible for this case and in-house counsel's legal assistants and secretaries working under the direct supervision of such in-house counsel, provided that each said in-house counsel has signed the undertaking annexed at Exhibit A, and providing that such in-house counsel is not currently engaged and shall not engage for a period of three (3) years following the final resolution of this action including all appeals, in patent prosecution in the area of electronic toothbrushes.

d. Non-party experts or other litigation support personnel who are not affiliated with a party, or a competitor of a party or currently employed or retained as a consultant by such a competitor, or who have an on-going relationship with such a competitor, and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("outside consultants"), provided they have signed the undertaking annexed at Exhibit A, but only in accordance with the procedures set forth in paragraph 6; and

e. Any other person as to whom the producing party agrees in writing in advance of any disclosure.

4. Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return.

5. In the event of any disclosure of CONFIDENTIAL material, other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify counsel of the party who produced the material of the facts and circumstances of such disclosure, including the identity of the unauthorized recipient(s) and the specific material disclosed to such person, and shall make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed material and copies of such

material and making good faith efforts to have all unauthorized persons to whom disclosure was made sign the undertaking annexed at Exhibit A.

6. Any person described in paragraphs 3(c) and 3(d) is to be identified to the other party (with a copy of such disclosure sent to all other parties) before any CONFIDENTIAL material is shown to him or her. Such identification shall provide the person's (a) name; (b) business affiliation, and title, if any; (c) business address; and for persons described in paragraph 3(d), (d) resume or curriculum vitae; and (e) if not included in the curriculum vitae, a summary of the person's employment history for the past 5 years and description of every current or previous employment or consulting relationship with any of the parties. The party whose material is sought to be disclosed shall have ten calendar (10) days from the receipt of this identification to object to such disclosure, stating the reasons for such objection. If an objection is timely made, there shall be no disclosure of such CONFIDENTIAL material until the issue is resolved either by the parties or by Court order. Further, such disclosure to any person described in paragraphs 3(c) and 3(d) shall be made only after he or she has been made aware of the provisions of this Order and has expressed his or her assent to be bound thereby by signing a copy of the undertaking annexed at Exhibit A. The persons receiving CONFIDENTIAL material are enjoined from disclosing it to any other person, except in conformance with this Order. The exchange of undertakings signed by the persons described in paragraphs 3(d) shall not constitute a waiver of the attorney-client, attorney work-product, or any other privilege or immunity and shall not subject those consultants who are not designated as testifying experts to discovery. Nor will there be any discovery of designated testifying experts until the parties disclose their experts and expert reports are exchanged as directed by the Court.

7. No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL information shall be effective unless there is placed or affixed on

such material the following legend prior to its production: "CONFIDENTIAL." In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL at the time of its production, it may be corrected by written notification to opposing counsel, and the receiving party shall make a reasonable effort to mark the document or information in the manner requested by the producing party and thereafter treat the document in accordance with such marking. Opposing counsel and other authorized recipients of such information shall not be responsible for any otherwise proper actions it took with respect to such information before receiving notice of the designation. Any document produced prior to the execution of this Order shall be treated as CONFIDENTIAL unless a party otherwise indicates before or after entry of this Order by written notification.

        8. Any documents, testimony, and other information previously produced in the actions entitled (a) *Optiva Corp. v. Teledyne Inds., Inc.*, No. C95-278R (BJR) (W.D.Wash.), (b) *Braun, Inc. v. Optiva Corp.*, 98 Civ. 4070 (RCC) (S.D.N.Y.), (c) *Gillette Co. v. Optiva Corp.*, 99 Civ. 807 (LAP) (S.D.N.Y.), or (d) *Gillette Co. v. Optiva Corp.*, 99 Civ. 0402 (LAP) (S.D.N.Y.) that was designated as "confidential" or "attorneys' eyes only" material in the action in which it was previously produced shall be treated as CONFIDENTIAL material if produced in this action. The original legend shall be effective to designate the material as CONFIDENTIAL under this Order, and no additional legend need be placed or affixed on the document.

        9. Testimony given at a deposition or hearing (including exhibits) may be designated as CONFIDENTIAL by an appropriate statement on the record at the time of the giving of such testimony, or within thirty (30) days after receipt of the transcript by the counsel for the party whose CONFIDENTIAL material was disclosed at the deposition or hearing. Counsel may designate the transcript as CONFIDENTIAL material during the thirty-day review period by written notification to opposing counsel. During the thirty-day review period, the

transcript, including exhibits, shall be deemed CONFIDENTIAL material. If there is no statement on the record designating the transcript or any portion of the transcript as CONFIDENTIAL, and if no such designation is made within the thirty-day review period, the transcript shall not be considered as CONFIDENTIAL material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraph 7.

10. All discovery material, whether or not designated CONFIDENTIAL, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL material for any other purpose.

11. All CONFIDENTIAL material shall be stored under the direct control of outside counsel of record or in-house counsel approved under the provisions of Paragraph 3(c) of this Order who (a) shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and (b) shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order.

12. After a final, non-appealable termination of this case, receiving outside counsel may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product. All other CONFIDENTIAL material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party shall certify in writing that such material has

been destroyed. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL pursuant to this order shall be deemed continuing.

13. No CONFIDENTIAL material shall be filed in the public record of this action except as provided for by this paragraph. All material so designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only CONFIDENTIAL portions of filings with the Court shall be filed under seal. To facilitate compliance with this order by the Clerk's office, material filed under the designation CONFIDENTIAL shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case for docketing purposes, and shall state that it is filed under the terms of this Order.

14. The restrictions set forth in any of the paragraphs of this Order shall not apply to information or material that may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL if that information or material:

    a. was, is, or becomes public knowledge, not in violation of this Order;

    b. is acquired by the non-designating party from a third party having the right to disclose such information or material; or

    c. was lawfully possessed by the non-designating party prior to entry by the Court of this Order.

15. Notwithstanding any other provision of this Order, (a) a party or present employee of a party may be examined and may testify concerning all CONFIDENTIAL material produced by that party; (b) a former employee of a party may be examined and may testify concerning all CONFIDENTIAL material produced by that party that pertains to the period or

periods of his or her employment by that party; (c) a present or former consultant to a party (other than a non-testifying litigation consultant) may be examined and may testify concerning all CONFIDENTIAL material produced by that party that pertains to the period or periods of his or her consultation by that party; and (d) non-parties may be examined and may testify concerning any document containing CONFIDENTIAL information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party.

16. (a) Counsel for the parties shall not contact, nor cause another person to contact, any current employee of an opposing party for any purpose related to this action. (b) Former employees of the parties have had access to confidential, and often privileged, information. The former Philips or Gillette employees identified in the parties' initial disclosures are represented by counsel. In addition, those former employees likely to have relevant information have, as a matter of course, entered into confidentiality agreements that remain binding after their employment is terminated. To protect such confidential, and possibly privileged, information, and to prevent potential breach of confidentiality agreements, the parties' counsel agree to undertake to accept service on behalf of former employees. If counsel is unable to accept service on behalf of a former employee upon whom service is sought, counsel shall promptly notify counsel for the party seeking service. Accordingly, counsel for the parties shall not contact, nor cause another person to contact, any former employee of an opposing party for any purpose related to this action unless opposing counsel confirms that it is unable to accept service.

17. Should a receiving party need to disclose CONFIDENTIAL material beyond the terms of this Order, counsel for the receiving party will inform the producing party of the documents or material proposed to be disclosed, the person or persons to whom the proposed

disclosure is to be made, the extent of the proposed disclosure required, and the basis for such proposed disclosure. Approval of the proposed disclosure must be obtained before the proposed disclosure may be made by the receiving party under this paragraph. This Order contemplates reasonable cooperation between the parties with respect to any request for disclosure, and approval will not be withheld without reasonable basis. If approval is withheld, the receiving party desiring disclosure may move the Court for an order allowing disclosure. In the event the motion is granted, the person to be given access to the CONFIDENTIAL material must agree in writing to be bound by the terms of this Order by signing a copy of the undertaking annexed at Exhibit A, or as otherwise ordered by the Court.

18. Each person who receives any CONFIDENTIAL material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

19. Any party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

20. CONFIDENTIAL material shall, with the Court's consent, receive in camera treatment at any trial, hearing or other proceeding, except upon written agreement by the parties or further Order of the Court.

21. The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information. Any party to this action or a non-party may designate information produced by the non-party as CONFIDENTIAL within ten (10) days of receipt of the information produced by the non-party. During the ten-day

period, such information shall be deemed CONFIDENTIAL material. If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL material, except for designations inadvertently omitted, which may be corrected by written notification as set forth for producing parties in paragraph 7.

      22. After notice to the parties, this Court retains the right to modify this Order without agreement of the parties.

23. The parties agree to be bound by the terms of the Order prior to and subsequent to entry by the Court.

SO STIPULATED:

| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
| By: *(signature)* <br> Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> Hercules Plaza, 6th Floor <br> 1313 North Market Street <br> P. O. Box 951 <br> Wilmington, DE 19801 <br> (302) 984-6000 | By: *(signature)* <br> Jack B. Blumenfeld (#1014) <br> Maryellen Noreika (#3208) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899 <br> (302) 658-9200 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Of Counsel: | Of Counsel: |
| John M. DiMatteo <br> Kelsey I. Nix <br> WILLKIE FARR & GALLAGHER LLP <br> 787 Seventh Avenue <br> New York, New York 10019-6099 <br> (212) 728-8000 | John E. Nathan <br> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, NY 10019-6064 <br> (212) 373-3000 |

This ___th day of _____, 2005.

**SO ORDERED:**

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIPS ORAL HEALTHCARE, INC., | ) |
| Plaintiff/ Counterclaim Defendant, | ) ) ) ) |
| v. | ) ) C.A. No. 04-859 - GMS |
| THE GILLETTE COMPANY, GILLETTE HOLDING COMPANY, INC., ORAL-B LABORATORIES AND BRAUN GMBH, | ) ) ) ) ) |
| Defendants/ Counterclaimants. | ) ) |

## UNDERTAKING

The undersigned hereby acknowledges that he or she has received and read a copy of the Protective Order in the above-captioned action; that he or she understands the terms thereof; and that he or she agrees to be bound by the terms thereof.

Dated: _____

_____
Signature

_____

_____

_____
Name, Job Title and Business Address