IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIPS ORAL HEALTHCARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-859-GMS |
| | ) | |
| THE GILLETTE COMPANY, | ) | |
| GILLETTE HOLDING COMPANY, | ) | |
| INC., ORAL-B LABORATORIES and | ) | |
| BRAUN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that the Subpoena attached hereto as Exhibit A is being served upon Water Pik Technologies Inc., 23 Corporate Plaza, Suite 246, Newport Beach, CA 92660.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mnoreika@mnat.com
  Attorneys for Defendants

OF COUNSEL:

John E. Nathan
Anne C. Shelby
Michael Beck
Larry A. Coury
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

May 13, 2005

# EXHIBIT A

## Issued by the
## UNITED STATES DISTRICT COURT

Central _____ DISTRICT OF _____ California

Philips Oral Healthcare, Inc.

### SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER: [1]

The Gillette Company, Gillette Holding Company, Inc., Oral-B Laboratories and Braun GmbH.

CA No. 04-850 (GMS)
United States District Court
for the District of Delaware

TO: Water Pik Technologies Inc.
23 Corporate Plaza
Suite 246
Newport Beach, CA 92660

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Water Pik Technologies Inc., 23 Corporate Plaza, Suite 246, Newport Beach, CA 92660 | May 27, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Counsel for Defendants | May 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anne C. Shelby; Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064; (212) 373-3072; Counsel for Defendants.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

This subpoena calls for the recipient to produce the documents described under the heading "Requests" below, in accordance with the accompanying "Definitions" and "Instructions."

## DEFINITIONS

1.  "Gillette" means The Gillette Company, Gillette Holding Company, Inc., Oral-B Laboratories and Braun GmbH, including respectively, their present and former corporate parents, predecessors in interest, successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and their present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on their behalf.

2.  "You" means Water Pik Technologies Inc., including its present and former corporate parents, predecessors in interest (including Teledyne Water Pik, Teledyne Industries, Inc., Water Pik, Inc., and TDY Industries, Inc.), successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on their behalf.

3.  "Philips" means Philips Oral Healthcare, Inc., including its present and former corporate parents, predecessors in interest (including, without limitation, Optiva Corporation and GEMTech, Inc.), successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers,

directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on their behalf.

4. The "'153 Patent" means United States Patent No. 5,378,153 entitled "High Performance Acoustical Cleaning Apparatus for Teeth," which issued on January 3, 1995 and named David Giuliani and Roy W. Martin as the alleged inventors.

5. The "'492 Patent" means United States Patent No. 5,305,492 entitled "Brush Elements for an Acoustic Toothbrush," which issued on April 26, 1994 and named David Giuliani and L. David Engel as the alleged inventors.

## INSTRUCTIONS

1. In producing documents and things in response to these requests you are required to furnish all documents and things found in your possession, custody, or control after a diligent search, whether possessed by you, your agents, attorneys, representatives, or employees.

2. If any document responsive to these requests has been destroyed or lost, or is otherwise not capable of being produced, identify each such document.

3. If any document responsive to these requests or any part thereof is withheld under a claim of attorney-client privilege, attorney work product immunity, or any other claim of privilege or immunity, you are requested to submit on the date of production a written statement that contains all of the information required under Rule 45(d) of the Federal Rules of Civil Procedure.

4. No request should be read as limiting any other request.

5. Any copy of a responsive document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or

other notation or any omission, shall constitute a separate document and must be produced.

6. A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without abbreviation or expurgation.

## REQUESTS

1. All documents, things and testimony concerning any prior litigation involving the '153 Patent or the '492 Patent, including *Optiva Corp. v. Teledyne Indus., Inc.*, C95-278R (BJR) (W.D. Wash).

2. All documents and things produced by You during discovery in *Optiva Corp. v. Teledyne Indus., Inc.* C95-278R (BJR) (W.D. Wash).

3. All documents and things, laboratory reports, notebooks, correspondence, expert reports, analyses, materials or test results that concern any effort made by You to examine any references, publications, prior uses, sales, products or any component of such products alleged by You to invalidate the '153 Patent or the '492 Patent, or alleged by Philips to infringe the '153 Patent or the '492 Patent.

4. All documents and things provided to or received from any expert or other consultant retained by You in connection with any prior litigation involving the '153 Patent or the '492 Patent, including *Optiva Corp. v. Teledyne Indus., Inc.*, C95-278R (BJR) (W.D. Wash).

5. All documents and things that You believe to be or have previously alleged to be prior art to the '153 Patent or the '492 Patent.

6. All documents and things concerning the interpretation of any claim term(s) of the '153 Patent or the '492 Patent, including claim charts, and all documents and things that support Your claim construction of the '153 Patent or the '492 Patent.

7. All documents and things concerning Your settlement of any litigation, conflict, interference, opposition, nullity, or revocation proceeding or action involving the '153 Patent or the '492 Patent, including *Optiva Corp. v. Teledyne Indus., Inc.*, C95-278R (BJR) (W.D. Wash).

8. All documents and things concerning Philips' claim against You for damages in any actual or threatened lawsuit, conflict, arbitration or administrative proceeding concerning the '153 Patent or the '492 Patent, including *Optiva Corp. v. Teledyne Indus., Inc.*, C95-278R (BJR) (W.D. Wash).

9. All documents and things concerning any license, attempt to procure a license, discussion regarding the preparation, execution, performance, terms, or conditions of any license or proposed license, or licensing negotiation relating to the '153 Patent or the '492 Patent, including without limitation all licenses, all licensing negotiation documents, all infringement investigations or analyses, and all documents created in preparation for negotiating such a license.

10. All documents and things concerning economic projections, royalty rates, royalty revenue forecasts, or any economic analyses concerning any license or proposed license of the '153 Patent or the '492 Patent.

11. Documents and things sufficient to show all toothbrushes for which You pay or have paid royalties pursuant to any license concerning the '153 Patent or the '492 Patent, and the amount of such royalties paid.

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on May 13, 2005 I electronically filed Notice of Service of Subpoena with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> rhorwitz@potteranderson.com

I also certify that copies were caused to be served on May 13, 2005 upon the following in the manner indicated:

> BY HAND
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
>
> BY FEDERAL EXPRESS
>
> John M. DiMatteo
> Willkie Farr & Gallagher LLP
> 787 Seventh Avenue
> New York, NY  10019-6099

>> /s/ Maryellen Noreika (#3208)
>> Morris, Nichols, Arsht & Tunnell
>> 1201 N. Market Street
>> P.O. Box 1347
>> Wilmington, DE  19899
>> (302) 658-9200
>> mnoreika@mnat.com